UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD B. MILSPAW,

                            Plaintiff,

v.                                                              1:18-CV-1006
                                                                    (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | ANTHONY ROONEY, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | CATHARINE ZURBRUGG, ESQ.<br>ELLIE DOROTHY, ESQ.<br>FRANCIS TANKARD, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 21.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1967. (T. 138.) He completed the seventh grade. (T. 283.) Generally, Plaintiff's alleged disability consists of right shoulder injury, diabetes, hypertension, and bipolar disorder. (T. 282.) His alleged disability onset date is October 31, 2013. (T. 138.) His date last insured is September 30, 2015. (*Id*.) Plaintiff's past relevant work consists of cook, cleaner, and construction laborer. (T. 272.)

### B. Procedural History

On August 20, 2014, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 138.) Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On March 21, 2017, Plaintiff appeared before the ALJ, Patricia M. French. (T. 72-111.) On May 12, 2017, ALJ French issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 140-161.) On July 19, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 146-157.) First, the ALJ found Plaintiff met the insured status requirements through September 30, 2015 and Plaintiff had not engaged in substantial gainful activity since October 31, 2013. (T. 146.) Second, the ALJ found Plaintiff had the severe impairments of: type two diabetes mellitus, major depressive disorder, a bipolar

disorder, an anxiety disorder, and attention deficit disorder. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 147.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in [20 C.F.R. §§ 404.1567(b) and 416.967(b)] except he could lift and carry twenty pounds occasionally and ten pounds frequently; never crawl or climb ladders, ropes, or scaffolds; occasionally stoop; and never be exposed to unprotected heights. [Plaintiff] would need to be allowed to be off-task upwards of ten percent per day. He could have no interaction with the public, but could have limited interaction with co-workers; and he would be limited to simple, routine, repetitive tasks.

(T. 149.)[1] Fifth, the ALJ determined Plaintiff was unable to perform his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 155-157.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the AC erred by refusing to review based on the evidence from Michael P. Santa Maria, Ph.D. (Dkt No. 12 at 11-15.) Plaintiff also filed a reply in which he reiterated his original argument. (Dkt. No. 20.)[2]

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] In his reply, Plaintiff states the AC erred in not evaluating Dr. Gorman's opinion. (Dkt. No. 20 at 1.) This appears to be a typo as there was no evidence submitted to the AC by a Dr. Gorman. (T. 10-24.)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues remand is not required based on the additional evidence submitted to the AC. (Dkt. No. 19 at 8-14.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

5

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff argues the AC erred by refusing to review based on evidence submitted by Dr. Santa Maria. (Dkt. No. 12 at 11-15.)[3] Specifically, Plaintiff asserts the AC erred in concluding the evidence "does not relate to the period at issue." (*Id*. at 13.)

As a general matter, "[t]he Appeals Council is obligated to consider 'new and material' evidence that 'relates to the period on or before the date of the administrative law judge hearing decision.' " *Patterson v. Colvin*, 24 F. Supp. 3d 356, 372 (S.D.N.Y. 2014) (quoting 20 C.F.R. § 404.970(b)). New evidence is "material" if it is: "(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative." *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)).

However, "[t]he Second Circuit [has] clearly stated that when new evidence is submitted to the AC and the AC denies review, the reviewing court's role is to review the entire administrative record, including the new evidence, and determine whether substantial evidence supported the Commissioner's final decision." *Samantha S. v. Comm'r of Soc. Sec.,* 385 F. Supp. 3d 174, 189 (N.D.N.Y. 2019) (citing *Canady v. Comm'r of Soc. Sec.*, 2017 WL 5496071, at *10 (N.D.N.Y. Oct. 4, 2017) *report and recommendation adopted by* 2017 WL 5484663 (N.D.N.Y. Nov. 14, 2017)).

Under those circumstances, the question becomes "whether the new evidence altered the weight of the evidence before the ALJ so dramatically as to require the AC to

---

[3] Plaintiff submitted additional evidence to the AC concerning a left ankle fracture and subsequent surgery in October 2017. (T. 10-16.) Plaintiff does not assert the AC erred in its review of these records. (Dkt. No. 12.)

take the case." *Canady*, 2017 WL 5496071, at *11; *see also Patterson*, 24 F. Supp. 3d at 373 ("[T]his requirement has been interpreted to mean that there must be a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.") (internal citations omitted); *see Bushey v. Colvin*, 552 F. App'x 97, 98 (2d Cir. 2014) ("It is clear from the record that Bushey's new evidence [submitted to the AC] does not raise a reasonable possibility that the Commissioner would have decided the case differently."); *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) ("While the evidence relates to the period before the ALJ's decision, it does not add so much as to make the ALJ's decision contrary to the weight of the evidence.").

For the reasons outlined herein, based on a review of the record as a whole, including the evidence submitted to the AC, Plaintiff fails to show that there is a reasonable possibility that the new evidence would have influenced the ALJ to decide her case differently.

Fourth months after the ALJ issued her written decision, Plaintiff was examined twice by Dr. Santa Maria. (T. 17.) Dr. Santa Maria took Plaintiff's history, examined Plaintiff, and performed various neuropsychological testing. (T. 17-22.) Based on testing and observations made on examination, Dr. Santa Maria indicated Plaintiff suffered from borderline intellectual functioning; major depressive disorder, severe without psychotic features, chronic; and alcohol use disorder. (T. 22.) Dr. Santa Maria opined Plaintiff "demonstrate[d] adequate cognitive capacity to handle entry-level competitive employment without significant demands on reading, writing or mathematics

7

and without significant demands on learning and remembering new information and with demands on general labor on a part time or full time basis." (T. 23.)

First, as stated by Defendant, Dr. Santa Maria was not a treating source, but rather a consultative examiner who evaluated Plaintiff months after a denial of disability benefits. (Dkt. No. 19 at 9); *see Samantha S.*, 385 F. Supp. 3d at 189 (doctor evaluated plaintiff after the date of the ALJ's written decision, had no prior treatment relationship with plaintiff, and therefore did not relate to the time period before the ALJ); *see Patterson*, 24 F. Supp. 3d at 374 (concluding same where opinion was rendered "approximately four months after the ALJ's decision was issued"). Therefore, Dr. Santa Maria did not have a treating relationship with Plaintiff at the time of his examination or during the relevant time period.

Second, although Plaintiff asserts post-hearing he was disabled due to an intellectual impairment, the evidence before the ALJ evidence contained sufficient evidence to support a finding that Plaintiff was not disabled due to intellectual impairments. Plaintiff did not allege borderline intellectual functioning or other intellectual impairment in his disability claim. (T. 78-81, 85-87, 92-93, 97-100, 146-147, 152-154, 282.) The record contained evidence that despite any intellectual impairment, Plaintiff worked successfully, both reported and under the table. (T. 19, 82, 153, 272, 283, 403, 406, 407, 410, 507, 509, 592.) During the relevant time period, Plaintiff also volunteered and taught cooking classes. (T. 153, 408, 410, 411, 412, 414, 415, 424, 426-432, 509.) The ability to work and volunteer, despite an intellectual impairment undermined Plaintiff's assertion that such impairment was disabling.

The record also contained medical opinion evidence which considered Plaintiff's intellectual ability. Consultative examiner, Rebecca Billings, Ph.D., did not perform intellectual testing; however, she noted Plaintiff's "intellectual functioning was very grossly estimated to be in the borderline range, though that did appear more likely to be an overestimate than an underestimate." (T. 456.) Therefore, the ALJ had before her the above information and carefully considered it in making her RFC determination. (T. 151, 153-154.)

Lastly, Dr. Santa Maria's report was consistent with the ALJ's RFC determination and therefore would not have raised a "reasonable possibility that the [ALJ] would have decided the case differently." *Bushey,* 552 F. App'x at 98. Dr. Santa Maria's opinion, that Plaintiff "demonstrate[d] adequate cognitive capacity to handle entry-level competitive employment without significant demands on reading, writing or mathematics and without significant demands on learning and remembering new information and with demands on general labor on a part time or full time basis" is wholly consistent with the ALJ's RFC limiting Plaintiff to simple, routine, repetitive tasks with no interaction with the public, limited interaction with co-workers, and an allowance for being off-task upwards of ten percent of the workday. (T. 23, 149.)

Therefore, Plaintiff fails to prove that the new evidence provided would have influenced the ALJ's determination. The new evidence was obtained months after the ALJ's decision from a non-treating source. Plaintiff never alleged disability due to an intellectual impairment and the evidence before the ALJ indicated Plaintiff's alleged intellectual impairment did not impede Plaintiff's ability to work and perform various activities. Notably, Plaintiff worked extensively at substantial gainful employment levels

and performed many activities of daily living independently.  Lastly, the limitations imposed by Dr. Santa Maria were ultimately consistent with the ALJ's RFC determination.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is **<u>GRANTED</u>**; and it is further

    **ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

    **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated:    October 23, 2019

                                                  William B. Mitchell Carter
                                                U.S. Magistrate Judge